UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MARIA MENDIZABAL, on behalf of herself and :
all others similarly situated,
:
                              Plaintiff, :
:
            -against- :
:
ONWARD LUXURY GROUP INC. (d/b/a Jil :
Sander), :
:
                            Defendant. :
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/5/2018

18-CV-318 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS on August 23, 2018 (Dkt. 36), the Court ordered Plaintiff to show cause by August 29, 2018 why this case should not be dismissed for failure to effect timely service; and

       WHEREAS on August 29, 2018 (Dkt. 38), the Court granted an extension of time for Plaintiff to show cause to August 31, 2018; and

       WHEREAS Plaintiff has not filed any submission in response to the Court's order;

       IT IS HEREBY ORDERED THAT this case is DISMISSED WITHOUT PREJUDICE for failure to effect timely service.

       Because Plaintiff is attempting to serve a party in a foreign country, the 120-day time limit to effect service in Federal Rule of Civil Procedure 4(m) does not apply. *See* Fed. R Civ. P. 4(m); *In re Bozel S.A.*, No. 16-CV-3739, 2017 WL 3175606, at *2 (S.D.N.Y. July 25, 2017) (citing *USHA (India), Ltd. v. Honeywell Int'l Inc.*, 421 F.3d 129, 133–34 (2d Cir. 2005)). Nevertheless, courts in this Circuit "use a flexible due diligence standard to determine whether service of process was timely." *Id.* (alteration omitted) (collecting cases). "The plaintiff has the burden of proof in showing that it exercised due diligence in not timely serving the defendant."

*Id.* If the plaintiff fails to carry this burden, the dismissal for failure to effect timely service is usually made without prejudice. *See, e.g.*, *In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 431–32 (S.D.N.Y. 2009) ("Absent perfected service, a court lacks jurisdiction to dismiss an action with prejudice; therefore dismissal . . . must be without prejudice.").

Here, Plaintiff has failed to respond to the Court's order to show cause and, therefore, failed to carry its burden of proof that it has exercised due diligence in effecting service. For the reasons stated in the order at Dkt. 36, the Court finds that Plaintiff has not exercised due diligence. Courts have dismissed cases for failure to serve under similar circumstances. *See, e.g.*, *In re Bozel*, 2017 WL 3175606, at *2 (dismissing a case for failure to serve when the record reflected "lengthy delays where no specifics [were] provided about any service related activity"); *Yellowave Corp. v. Mana*, No. 00-CV-2267, 2000 WL 1508249, at *2 (S.D.N.Y. Oct. 11, 2000) (dismissing a case for failure to serve when the "plaintiff [had] not proffered any adequate reason for its failure to serve"; "Plaintiff's failure to file opposition papers [to the motion to dismiss] makes it apparent that plaintiff has acted in a dilatory fashion.").

For all these reasons, this case is DISMISSED WITHOUT PREJUDICE. The Clerk is respectfully directed to terminate all open motions and to close the case.

**SO ORDERED.**

Date: **September 5, 2018**     **VALERIE CAPRONI**
      **New York, New York**     **United States District Judge**

2